Mateo GARCIA–MUNOZ, Ramona Arreola–Miranda, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–70916.

INS Nos. A70–930–513 A70–930–514.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 26, 2001.

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

Mateo Garcia–Munoz and Ramona Arreola–Miranda, husband and wife, petition for review of the final order of deportation entered by the Board of Immigration Appeals ("BIA") on June 30, 1999. Petitioners were served with an order to show cause ("OSC") on January 23, 1995 (Miranda) and March 31, 1995 (Munoz), approximately six years after they entered

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**456**

the United States on September 22, 1989. At a hearing on January 8, 1997, the Immigration Judge ("IJ") denied Petitioners' applications for suspension of deportation because they had failed to meet the continuous physical presence requirement before being served with the OSC and thus were statutorily ineligible for suspension. On appeal, the BIA affirmed.

Petitioners contend that they were eligible for suspension of deportation and challenge the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA")—bars such relief in their case. Moreover, Petitioners contend that the IJ erroneously applied the stop-time rule to their case on January 8, 1997, before IIRIRA's effective date of April 1, 1997. We agree that the IJ erred in applying the stop-time rule to Petitioner's case before IIRIRA became effective. *See Guadalupe–Cruz v. INS,* 240 F.3d 1209 (9th Cir.2001).

We therefore grant the petition and remand to the BIA with instructions to remand to the IJ. If Petitioners pursue their suspension applications, the IJ, in determining whether Petitioners are eligible for suspension of deportation, shall: (1) apply the law as it existed on January 8, 1997 and (2) consider the current facts and Petitioner's current circumstances. *Id.* We do not consider Petitioners' eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno,* 167 F.3d 1228 (9th Cir.1999), *supplemental opinion,* 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez.*

PETITION GRANTED; REVERSED and REMANDED.